8/28/2019 3:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36360755
By: Marcella Hill
Filed: 8/28/2019 3:14 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **CARL DOBBINS**<br>*Plaintiff,* | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **VS.** | §<br>§ | **HARRIS COUNTY, TEXAS** |
| **UNITED FINANCIAL CASUALTY COMPANY** | §<br>§<br>§ | |
| *Defendant.* | §<br>§ | \_\_\_\_\_ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff CARL DOBBINS ("Plaintiff") files this Original Petition and Request for Disclosure, complaining of Defendant UNITED FINANCIAL CASUALTY COMPANY ("Defendant") and in support of the same would respectfully shows the following:

**I.**

### DISCOVERY CONTROL PLAN

1.1  Plaintiff intends that discovery be conducted under Level 2 pursuant to Rule 190.3 of the TEXAS RULES OF CIVIL PROCEDURE and affirmatively pleads that she seeks monetary relief over $200,000.00 but not more than $1,000,000.00 at this time. Plaintiff reserves the right to amend this damage calculation as discovery progresses. Plaintiff makes this damage calculation at this time pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE.

**II.**

### PARTIES

2.1  Plaintiff CARL DOBBINS is an individual who resides in Texas.

2.2  Defendant UNITED FINANCIAL CASUALTY COMPANY (hereinafter "UNITED FINANCIAL") is an insurance company doing business in the State of Texas. Defendant may be

**EXHIBIT "A"**

served with citation by serving its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.

## MISNOMER/ALTER EGO

3.1 In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.

## JURISDICTION & VENUE

4.1 The subject matter in controversy is within the jurisdictional limits of this Court.

4.2 Venue of this lawsuit is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this cause of action occurred in Harris County, Texas.

## V.

## FACTS

*Underlying Accident*

5.1 On or about April 7, 2018, Plaintiff Carl Dobbins was traveling on Peirce St. headed toward the Brazos St. intersection in downtown Houston, Harris County, Texas. Plaintiff was driving his Black Honda in the right lane of the 400 block of Peirce St. roadway. At the same time, the White Audi and/or vehicle driven by Jordan Cromie, was traveling north bound on the 2000 block of Brazos St. approaching the Peirce St. intersection. Plaintiff was traveling through a steady green light when Jordan Cromie disregarded her red light and collided with the vehicle driven by

Plaintiff. Jordan Cromie was found to be at-fault for the accident. As a result of the collision, Plaintiff sustained severe bodily injuries.

*Subject Insurance Policy*

5.2 At all relevant times, Plaintiff was insured under an automobile insurance policy with Defendant UNITED FINANCIAL CASUALTY COMPANY, Policy No. 06250026-4 (through Progressive), which insured Plaintiff in the event he was damaged or injured by the negligence of an uninsured or underinsured motorist. Plaintiff has complied with all the terms and conditions of the policy prior to bringing this action. This lawsuit is maintained against said Defendant, and Plaintiff will enter into evidence at the time of trial of this matter a copy of said policy, unless the original of the same is produced by the Defendant at said trial. In this regard, Plaintiff will show that Clarence Bell was in fact an uninsured or underinsured motorist as defined by the law and the policy in question.

## VI.

## CAUSES OF ACTION

*Underlying Liability*

6.1 While reserving the right to amend this Petition to allege additional conduct and omissions, the underinsured driver Jordan Cromie was negligent for the following reasons:

    a. failing to maintain a proper lookout;

    b. failing to maintain proper control of the vehicle;

    c. failing to maintain a safe distance between vehicles;

    d. failing to adequately and timely apply the brakes;

    e. failing to take evasive action to avoid the collision;

  f. driving the vehicle at a rate of speed other than that which an ordinarily prudent person would have done under the same or similar circumstances; and

  g. other acts or omissions deemed negligent.

6.2 Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit, and Plaintiff's injuries and damages pled herein.

6.3 Plaintiff did not cause or contribute to the occurrence in question, but rather the negligence of Jordan Cromie was the sole proximate cause of the accident.

### *Breach of Contract*

6.4 This suit is brought pursuant to Texas contract law seeking damages from Defendant for committing various material breaches of the UIM/UM insurance policy. **For clarification, there are no extra-contractual claims being advanced at this time, as Plaintiff is merely seeking payment of the underinsured benefits to which Plaintiff is entitled.** Defendant State Farm failed to pay, or offer to pay, amounts due under the terms of the UIM/UM policy despite ample evidence and documentation establishing that Plaintiff was, and is, entitled to receive UIM/UM benefits under the policy of insurance issued by Defendant UNITED FINANCIAL CASUALTY COMPANY.

6.5 During the policy term of said policy, Plaintiff sustained covered losses in the form of personal injuries and damages. Plaintiff promptly and properly reported the same to Defendant and/or its employees, agents and representatives pursuant to the terms of the insurance policy. Defendant was aware of the damages inflicted upon Plaintiff but refused to compensate Plaintiff under the terms of the policy, despite the proper and timely demands being submitted by Plaintiff and Plaintiff's counsel.

6.6     Despite the fact that all conditions precedent to Plaintiff's recovery have been performed or have occurred, Defendant has failed and refused to pay Plaintiff a just amount in accordance with the contractual obligations, agreements, and representations. In fact, after such refusals to pay and investigate, Plaintiff was forced to file suit to seek the policy benefits to which he is entitled. Plaintiff seeks the payment of the policy limits for the underinsured motorist claim.

## VII.

## DAMAGES

7.1     Defendant is liable to Plaintiff for all remedies allowed at law, general and special, both sustained in the past and, in all probability, to be suffered in the future, including but not limited to the following:

   a. Medical, hospital, and pharmaceutical charges and expenses in the past;

   b. Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

   c. Pain and suffering in the past;

   d. Pain and suffering that, in reasonable probability, will be suffered in the future;

   e. Mental anguish suffered in the past;

   f. Mental anguish that, in reasonable probability, will be suffered in the future;

   g. Disability and impairment in the past;

   h. Disability and impairment that, in reasonable probability, will occur in the future;

   i. Disfigurement in the past;

   j. Disfigurement that, in reasonable probability, will occur in the future; and

   k. All other damages to which Plaintiff is legally entitled.

7.2     Plaintiff seeks the payment of the policy limits for the underinsured motorist claim. All of the conditions precedent to bringing this suit under the policy and to Defendant State Farm's liability to Plaintiff under the policy for the claims alleged have been performed or have occurred. Defendant has breached the contract of insurance.

## VIII.

## REQUEST FOR DISCLOSURE

8.1     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## IX.

## JURY TRIAL

9.1     Plaintiff hereby requests a trial by jury on all claims.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein, and that upon a final hearing hereof, this Honorable Court grants Plaintiff such relief as to which he may show himself entitled, either at law or in equity, either general or special, for actual damages (benefits due under the UIM/UM policy), costs of suit, and prejudgment and post judgment interest, if allowed by law, and including judgment for additional damages and punitive damages under the facts set forth in this or any amended pleading.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & AZIZ**

By: /s/ *Angelina Wike*
Brant J. Stogner
Texas Bar No.: 24038389
bstogner@awtxlaw.com
Angelina Wike
Texas Bar No.: 24091852
awike@awtxlaw.com
800 Commerce Street
Houston, Texas 77002
Telephone: (713) 222-7211
Facsimile: (713) 225-0827

**ATTORNEYS FOR PLAINTIFF CARL DOBBINS**